UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH TEX BRAMMER, JR.,

                      Plaintiff,

                                                                    DECISION AND ORDER
              -v-                                                               06-CV-6520 CJS

JILL NORTHROP,

                      Defendant.
_____

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983, in which Plaintiff, a Prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that Jill Northrop ("Defendant"), a Nurse Practitioner at Southport Correctional Facility ("Southport"), violated his Eighth Amendment rights by failing to diagnose or treat him for "shy bladder syndrome." Now before the Court is Defendant's motion for judgment on the pleadings [#13]. The application is granted.

BACKGROUND

Plaintiff has "shy bladder syndrome," which he describes as "the inability to urinate while someone is near or when someone is watching." (Amended Complaint [#4]). Plaintiff indicates that he wrote to Defendant about this condition, and she responded that she "never heard of shy bladder syndrome." (*Id.*). Plaintiff alleges that Defendant "failed to perform an examination as to why [he] cannot urinate while others are near and/or watching [him]." (*Id.*). Plaintiff alleges that if Defendant believed that the problem was psychological in nature, then she should have referred him for mental health counseling. (*Id.*).[1] As a

___

[1] Apparently, Plaintiff has sought mental health treatment for his problem, but is not satisfied with the treatment. Plaintiff's original complaint in this action [#1] alleges that he sought mental health services in 2000 and 2001 at Upstate Correctional Facility and Clinton Correctional Facility, respectively, but did not receive

result of his inability to urinate on demand at Southport, Plaintiff apparently was charged and convicted of refusing urinalysis and disobeying a direct order, and received a one-year disciplinary sentence in the Special Housing Unit ("SHU"). (*Id.*).

Plaintiff indicates that his shy bladder problem has plagued him throughout his incarceration with DOCS. In that regard, he alleges that his procedural due process rights have been violated "at numerous disciplinary hearings," since, as a result of his medical condition, he has been forced to plead guilty to "charges of urinalysis refusal and disobeying a direct order." (Complaint [#1] at 12). Plaintiff states that he has spent approximately ten years in SHU due to the shy bladder problem. (Amended Complaint [#4] at 6; see also, Response [#19] at 10: "[G]rievant has sixteen years of Special Housing Unit time *due mostly* to urinalysis misbehavior reports." (emphasis added)). Plaintiff attempted to sue other medical providers besides Northrop in this action, but those claims were dismissed as time-barred. (Decision and Order [#5]).

Subsequently, Defendant filed the subject motion for judgment on the pleadings [#13]. Defendant construes the Amended Complaint as asserting three claims: 1) Eighth Amendment deliberate indifference to a serious medical need; 2) Fourteenth Amendment procedural due process; and 3) Fourteenth Amendment substantive due process. Defendant maintains that the Amended Complaint fails to state an actionable claim under any of those theories of recovery. In response, Plaintiff states that Defendant was not "thorough" in reviewing his medical file. (Pl. Response [#19] at 2). Plaintiff has also submitted various documentation concerning his efforts to notify DOCS of his condition over

"adequate mental health services" for his shy bladder condition. (Complaint [#1] at 8).

the years, as well as medical literature indicating that shy bladder syndrome, or Paruresis, is a social phobia that is recognized by the medical community.

## DISCUSSION

When "deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). In ruling upon a motion to dismiss made pursuant to FRCP 12(b)(6), the Court must construe

> the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and internal quotation marks omitted). In that regard, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim, showing that the pleader is entitled to relief." FRCP 8(a).

Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).

3

***

An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).

Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. The legal standard for such a claim is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.
>
> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998)("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

Applying these applicable legal principles, the Court finds that the Amended Complaint fails to state an Eighth Amendment deliberate indifference claim. *See, Sheehy v. Palmateer*, No. 02-36082, 68 Fed.Appx. 77, 78, 2003 WL 21418432 at *1 (9th Cir. 2003) (Prison officials were not deliberately indifferent to medical needs of inmate with shy bladder syndrome.); *Mulligan v. Kenney*, No. C09-842RSL-MAT, 2010 WL 101535 at *3 (W.D.Wash. Jan. 7, 2010) (Denying injunctive relief to inmate with shy bladder syndrome who wanted to be housed in a single cell, finding no evidence that defendants' conduct was "sufficiently serious to implicate Eighth Amendment concerns," in absence of evidence that failure to accommodate inmate would result in injury to his renal function.). The Court does not believe that Plaintiff's condition is objectively sufficiently serious. Plaintiff's condition does not cause him pain or otherwise interfere with his health. Rather, the condition only arises when Plaintiff is asked to provide a urine sample. Additionally, Plaintiff has not alleged that Defendant acted with a sufficiently culpable state of mind. At most, Plaintiff alleges that Defendant was negligent in failing to treat or diagnose him. Accordingly, the Amended Complaint fails to state an Eighth Amendment claim against Defendant.

Plaintiff's substantive due process claim against Defendant also fails, since it is duplicative of his Eighth Amendment claim. In that regard, Plaintiff cannot maintain a

5

substantive due process claim where the claim appropriately falls under the Eighth Amendment. *Makas v. Miraglia*, No. 07-4470-pr, 300 Fed.Appx. 9, 10, 2008 WL 4820557 at *1 (2d Cir. Nov. 5, 2008) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision.") (*citing United States v. Lanier*, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)).

Plaintiff's procedural due process allegations also fail to state an actionable claim against Defendant. In that regard, Plaintiff apparently maintains that his procedural due process rights were violated at disciplinary hearings, because at those hearings he pled guilty to refusing a urinalysis, even though his refusal was due to his shy bladder condition. Plaintiff apparently also contends that Defendant is responsible for such due process violations, since but for her failure to treat him, he would not have been issued misbehavior reports for refusing urinalysis. At the outset, Plaintiff has not alleged how his procedural due process rights were violated in connection with any particular disciplinary hearing. However, even assuming that he could show that such rights were violated, he has not alleged that Defendant was personally involved in such violations. More specifically, there is no allegation that Defendant was personally involved in filing disciplinary charges or in conducting the disciplinary hearings.

CONCLUSION

Defendants' motion [#13] is granted and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to

proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

Dated:    February 23, 2010
            Rochester, New York

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge